GEORGE BUEHLER    60701
BUEHLER & KASSABIAN, LLP
350 W. Colorado Blvd., Suite 200
Pasadena, CA 91105
Telephone: (626) 219-0631    Facsimile: (626) 792-0505
gbuehler@buehlerkassabian.com

Attorney for Movant
LUIS ALBERTO TORRES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | CV _____ |
| v. | ) | |
|  | ) | CR 15-00059-SVW |
| LUIS ALBERTO TORRES, | ) | |
| Defendant. | ) | |

| LUIS ALBERTO TORRES, | MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY 28 U.S.C. § 2255 |
|---|---|
| Movant. | |

Movant Luis Alberto Torres moves to vacate, set aside, and correct his sentence based on the following facts:

1. On June 13, 2016, Defendant Luis Alberto Torres entered a plea of guilty before the Honorable Stephen V. Wilson to Counts 1 through 3 of a 3-count Indictment. Counts 1 and 2 charged Torres with production of child pornography, 18 U.S.C. § 2251(a),(e), and Count 3 charged possession of child pornography, 18 U.S.C § 2252A(a)(5)(B), (b)(2).

2. On July 25, 2016, the Probation Officer filed a Presentence Report which found a total offense level of 38 and criminal history of IV, for a guideline sentencing range of 324 to 405 months. ( Presentence Investigation Report, Doc 99, pp. 7-8, 14.) The Probation Officer recommended a sentence of 192 months based on various mitigating factors. (Sentencing Recommendation, Doc 112.)            .

3. On November 29, 2016, the Government filed its sentencing position which recommended a sentence of 360 months less the 51 months Torres had served in state prison based on the same offense conduct, for a total sentence of 309 months. (Government's Position Regarding Sentencing Factors For Defendant Luis Albert Torres, Doc 107.)
          .

4. On December 12, 2016, Torres' counsel filed a sentencing memorandum which contended that the appropriate sentence was the statutory mandatory minimum of 180 months, or 15 years, reduced by credit for the 51 months Torres had served in state prison for the same conduct. (Defendant's Position Regarding Sentencing, Doc 108.) In support, Torres' counsel cited a Ninth Circuit opinion, *United States v. Drake*, 49 F.3d 1438, 1441 (9th Cir. 1995), which required the district court to reduce the defendant's mandatory minimum sentence by the time served in state prison for the same conduct. (*Id.* at 17)

5.  In Torres' sentencing memorandum, counsel did not mention or address substantial case law holding that when a state prison sentence has been fully served and discharged prior to imposition of a federal sentence, the state prison time may not be credited against the federal mandatory minimum.

6. The following day, December 13, 2016, the government filed a nine page supplemental memorandum citing a number of cases, including a Ninth Circuit case, holding that where a state sentence for the same offense conduct has been fully served and discharged prior to the defendant's arrest on the federal offense, it may not be credited

against the federal mandatory minimum.(Government's Brief In Response to Defendant's Position Regarding Sentencing Factors For Defendant, Doc 110.)

7. Torres' counsel did not file any response to the government's supplemental memorandum. Torres' counsel never countered the position the government asserted or the cases the government cited in its supplemental memorandum until the case was on appeal. In effect, before this Court Torres' counsel effectively conceded that the government was correct that the Court had no discretion to sentence Torres below the mandatory minimum based on the time served in state custody for the same offense conduct.

8. At the start of the sentencing hearing on December 19, 2016, Judge Wilson immediately raised the issue of "the credit for time served," stating, "And the issue is, given the fact that there is a mandatory minimum sentence of 15 years, whether credit for time served for a related offense is allowable under the guidelines." (Doc 136 at p. 3.) Judge Wilson observed that the government had briefed the issue, and he engaged in a 5-page colloquy with government counsel about the authority the government cited that when the defendant has completed serving his state sentence before he is charged with federal offenses he may not receive credit for the time served on the state sentence against the federal sentence. (Doc 136, pp.3-7.) Judge Wilson inquired whether this would be the case if the defendant were on supervised release on the state case when the federal case was filed, and government counsel responded in the affirmative, citing a Ninth Circuit case. (*Id*. at pp. 5-7.) Judge Wilson then turned to Torres' counsel, who, speaking in vague terms and presenting no authority, briefly expressed doubt about the government's position. (*Id*. at pp. 7-8.) Judge Wilson stated he was inclined to think the government's position was correct, but he wanted more time to read all of the cases, and adjourned the hearing to the next day. (*Id*. at pp. 8-9.)

9. The following day, December 20, Judge Wilson stated at the outset of the hearing that he agreed with "the government's supplemental paper that the defendant is not entitled

to the 51-month time served as a deduction from the mandatory minimum." (Doc 137 at p.3.) Torres' counsel did not object to this, and did not request time to file a supplemental brief or offer further argument on the issue.

10. Just before pronouncing sentence, Judge Wilson engaged in the following exchange with government counsel:

THE COURT: One further question of the government: In reading your sentencing memorandum, the original memorandum again, is it true that originally you did say that he should get custody for the 51 months in state custody?

MR. LESSER: Credit, yes.

THE COURT: Credit.

MR. LESSER: Against the guideline range, and the government's recommendation. Yeah, that certainly should be credited, I believe. Not against the mandatory minimum, of course, but if the court is going to sentence to more than the mandatory money [sic], then, yeah, I believe he should get credit against what the guidelines would call for.

THE COURT: But not the mandatory minimum.

MR. LESSER: I believe that it can't be credited.

THE COURT: Okay. I see. Okay.

(Doc 137 at pp. 9-10.)

11. Judge Wilson sentenced Torres to 180 months, and commented, "I think the mandatory minimum is justified in this sentence.... I agree with the mandatory minimum. I think that the mandatory minimum does reflect all the concerns the court has, and so having sentenced him to the mandatory minimum, that comports with the court's obligation to follow the mandatory minimum, and I happen to think it is the appropriate sentence." (Doc. 137 at p. 17.) Judge Wilson made no statement as to whether he would have given Torres credit against the mandatory minimum if it were lawful to do so. Torres' counsel did not ask, and made no effort to clarify for the record, whether Judge Wilson would give or would

1 consider giving credit for the 51 months in state custody if he had the authority to do so.

3     12. On appeal, Torres' counsel contended for the first time that the court had authority to grant credit against the mandatory minimum sentence for the 51 months Torres had served in state custody. Counsel's opening brief devoted 18 pages and its reply brief 10 pages to this issue, citing numerous cases for the proposition that the court had the authority to reduce Torres' federal sentence for the 51 months served in state custody. Counsel argued insistently and at length that existing statutory and case law gave the court this authority, and that to deny this authority to the court would be arbitrary and a violation of due process.

11     13. The Court of Appeals declined to address this issue, finding that based on the record the error (if any) was harmless. "We do not need to resolve that question because any error here was harmless. The district court below made clear that the sentence imposed was the term that it considered appropriate and that it would not have imposed a shorter sentence based on the time served on the discharged state sentence."

17     These facts show that Torres' counsel was ineffective at sentencing by failing to develop and present to the Court the law that authorized him to sentence below the mandatory minimum based on the time Torres served in state custody.

20     Torres' counsel was also ineffective in failing to clarify at sentencing whether Judge Wilson would or might give a lower sentence if he understood he had the authority to do so. The Court of Appeals interpreted the Judge's comments as saying that the 180-month mandatory minimum was absolutely the appropriate sentence, and it therefore declined to address whether the Court had the discretion to reduce the sentence based on time served in state custody. But this Court showed considerable interest in this issue during the sentencing hearings, and it seems reasonably probable that the Court would have given credit for the state prison time if the Court knew it had authority to do so.

28     Mr. Torres had a right to be sentenced by a court that had full knowledge of the

alternatives available for sentencing. We respectfully request that the Court grant this motion and determine whether the Court has the authority to reduce the sentence by giving him credit for the time he served in state custody.

# MOTION

1. Name and location of court that entered judgment of conviction under attack: _____
   UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA,
   HONORABLE STEPHEN V. WILSON

2. Date of judgment of conviction: December 22, 2016

3. Length of sentence: 180 months    Sentencing judge: Honorable Stephen V. Wilson

4. Nature of offense or offenses for which you were convicted: _____
   Production of child pornography, 18 U.S.C. 2251(a), (e), and possession of child pornography,
   18 U.S.C. 2252A(a)(5)(B), (b)(2)

5. What was your plea? *(check one)*
   ☐ Not guilty
   ☒ Guilty
   ☐ Nolo Contendere

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. Kind of trial: *(check one)*
   ☐ Jury
   ☐ Judge only

7. Did you testify at the trial?
   ☐ Yes   ☐ No

8. Did you appeal from the judgment of conviction?
   ☒ Yes   ☐ No

9.  If you did appeal, answer the following:

    (a) Name of court __United States Court of Appeals, Ninth Circuit__

    (b) Result __Affirmed__

    (c) Date of result __July 19, 2019__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

    ☐ Yes   ☒ No

11. If your answer to question number 10 was "yes," give the following information:

    (a) (1) Name of Court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application, or motion?

    ☐ Yes   ☐ No

    (5) Result _____

    (6) Date of result _____

    (b) (1) Name of Court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application, or motion?

    ☐ Yes   ☐ No

    (5) Result _____

    (6) Date of result _____

    (c) (1) Name of Court _____

    (2) Nature of proceeding _____

    (3) Grounds raised _____

    (4) Did you receive an evidentiary hearing on your petition, application, or motion?

    ☐ Yes   ☐ No

(5) Result _____

_____

(6) Date of result _____

(d) Did you appeal, to an appellate federal court having jurisdiction, the results of action taken on any petition, application, or motion?

(1) First petition, etc.   ☐ Yes ☐ No

(2) Second petition, etc. ☐ Yes ☐ No

(3) Third petition, etc.  ☐ Yes ☐ No

(e) If you did not appeal from the adverse action on any petition, application, or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

12. State concisely every ground on which you claim that you are being held unlawfully.

**CAUTION:** If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date. For your information, the following is a list of the most frequently raised grounds for relief in this type of proceeding. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds that you have, whether listed below or not. However, you should raise in this motion all available grounds (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

If you select one or more of the grounds listed below for relief, you must allege facts in support of the grounds you select. The petition will be returned to you if you merely check (a) through (j) or any one or more of these grounds without alleging facts in support.

(a) Conviction obtained by plea of guilty that was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.

(e) Conviction obtained by violation of the privilege against self-incrimination.

(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.

(g) Conviction obtained by a violation of the protection against double jeopardy.

(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

(i) Denial of effective assistance of counsel.

(j) Denial of right of appeal.

A. Ground one: __Denial of effective assistance of counsel__

Supporting facts (tell your story briefly without citing cases or law): __See statement of facts above.__

B. Ground two: _____

Supporting facts (tell your story briefly without citing cases or law): _____

C. Ground three: _____

Supporting facts (tell your story briefly without citing cases or law): _____

D. Ground four: _____

Supporting facts (tell your story briefly without citing cases or law): _____

13. If any of the grounds listed in 12 A, B, C, or D were not previously presented, state briefly what grounds were not presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    ☐ Yes   ☒ No

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At a preliminary hearing: _____

    (b) At arraignment and plea: __Armilla T Staley-Ngomo   Deputy Federal Public Defender__

    (c) At trial: _____

    (d) At sentencing: __Cuauhtemoc Ortega   Deputy Federal Public Defender__

    (e) On appeal: __James H. Locklin, Deputy Federal Public Defender__

    (f) In any post-conviction proceeding: _____

    (g) On appeal from any adverse ruling in a post-conviction proceeding: _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court at approximately the same time?

    ☒ Yes   ☐ No

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    ☐ Yes   ☒ No

    (a) If so, give the name and location of the court that imposed sentence to be served in the future: _____

    (b) Give the date and length of sentence to be served in the future: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed sentence to be served in the future?

    ☐ Yes   ☐ No

WHEREFORE, movant prays that the court grant him all relief to which he may be entitled in this proceeding.

_/George W. Buehler_
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on __2/23/2021__
Date

_Luis Torres by George W. Buehler_
Signature of Movant
Attorney for Luis Torres, pursuant to authorization of Mr. Torres